## Lake Erie & W. R. R. Co. v. Eliza Murray.

1. EVIDENCE—*Sustains the Verdict.*—The court is of the opinion that the evidence fully sustains the verdict and affirms the judgment.

Action for Damages Caused by Fire.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

TIPTON & TIPTON, attorneys for appellant; JOHN B. COCKRUM, of counsel.

D. D. DONAHUE, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit commenced by the appellee against the appellant before a justice of the peace in McLean county to

recover damages caused by fire which burned some fences and other combustible property of appellee, situated upon her farm, which adjoined the right of way of the appellant, the appellee claiming that the fire was communicated to her farm by reason of the negligence of the appellant.

The appellee recovered judgment in the justice court for $150 damages and $10 attorney's fees. The appellant appealed to the Circuit Court of that county, where the case was tried by jury, and a verdict and judgment rendered for the appellee for $149 damages and $30 attorney's fees.

The appellant brings the case to this court by appeal, and urges us to reverse the judgment of the Circuit Court upon the grounds that the verdict was contrary to the evidence; the court admitted improper and rejected proper evidence; the court gave to the jury improper and refused proper instructions.

The evidence shows that appellee owns a farm north of and adjoining the right of way of the appellant, upon which she had fences and other combustible property; that a fire started upon the right of way of defendant, where it joins appellee's farm, and from there communicated with the combustible material on her farm, and damaged her fences and other combustible property thereon.

There was a slight conflict in the evidence as to whether or not there was any dry grass, dead weeds or other dangerous combustible material where the fire started, but the decided weight of evidence is to the effect that there was. The evidence also shows that the amount of damages the fire caused to appellee's fences and other combustible property was at least $149.

The evidence, in our opinion, fully sustains the verdict; and after a careful examination of the rulings of the court upon admitting and rejecting evidence, we find it did not commit any prejudicial error against the appellant in any one of them, but, upon the whole, such rulings were fair and free from reversible error.

The appellant also complains that the court gave improper

and refused proper instructions, but upon a careful examination of the instructions, both given and refused, and of which complaint is made, we find that those given do not contain prejudicial error upon those questions upon which the evidence was conflicting, and those refused were either covered by others given, or were not responsive to the evidence; therefore the court did not commit the errors complained of in that regard.

Finding the court committed no prejudicial error against the appellant, and that the verdict and judgment are fully supported by the evidence, we affirm the judgment.